FILED
04/25/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2018

## STATE OF TENNESSEE v. TIMOTHY WAYNE JOHNSON

Appeal from the Circuit Court for Warren County
No. F-13899  Larry B. Stanley, Jr., Judge

_____

### No. M2017-01672-CCA-R3-CD

_____

Defendant, Timothy Wayne Johnson, appeals the trial court's dismissal of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1, in which Defendant alleged that his split confinement sentence was illegal because the judgment form designated his confinement in the Tennessee Department of Correction, rather than the local jail or workhouse.  Having reviewed the record and the briefs of the parties, we affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Matthew S. Bailey, Spencer, Tennessee, for the appellant, Timothy Wayne Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Lisa Zavogiannis, District Attorney General; and Darrell Julian and Thomas Miner, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

*Procedural background*

In *State v. Timothy Wayne Johnson*, this court summarized the procedural history of this case as follows:

> On March 6, 2013, Defendant pled guilty in Warren County Circuit Court, case number F-13899, to violation of the habitual traffic offender status in Count 1 and driving under the influence in Count 3.  Counts 5

and 6 were dismissed and Count 4 merged into Count 3 "as a matter of law." Defendant was sentenced to six years in Count 1 as a Range III, persistent offender to be served on probation after service of 180 days in incarceration. The sentence was ordered to run concurrently with Count 3 but consecutively to Defendant's "Franklin County TDOC sentence and any other case." Defendant was also ordered to serve forty hours of community service. In Count 3, Defendant was sentenced to eleven months and twenty nine days to be served on probation after service of ten days in incarceration. Defendant was ordered to serve this sentence concurrently with Count 1 but consecutively to Defendant's "Franklin County TDOC sentence and any other case." Defendant was also ordered to perform 32 hours of community service, attend a victim impact panel meeting, complete an alcohol and drug assessment, and follow treatment recommendations. The trial court also revoked his driver's license for one year "consecutive to any revocation or suspension currently in effect."

On May 21, 2014, Defendant's probation was revoked for a "Violation of HTO." He was ordered to serve the original sentence of six years with credit for time served in the county jail from "3/6/2014 to 5/20/2014."

On June 17, 2015, Defendant filed a motion under Rule 36.1 to correct an allegedly illegal sentence. The motion was filed *pro se*. In this motion, Defendant asserted that his conviction for violation of the habitual motor vehicle offender status was not eligible for probation. He did not present any allegations of ineffective assistance of counsel in this petition.

The trial court denied the [ ] Rule 36.1 motion on August 17, 2015, finding that *State v. Martin*, 146 S.W.3d 74 (Tenn. Crim. App. 2004), was dispositive of the issue. On August 27, 2015, counsel was appointed to represent Defendant in his appeal from the Rule 36.1 filed in June of 2015. On August 27, 2015, Defendant filed a notice of appeal from the denial of his second Rule 36.1.

No. M2015-01665-CCA-R3-CD, 2016 WL 304416, at *1 (Tenn. Crim. App. Jan. 26, 2016), *no perm. app filed*. A panel of this court affirmed the trial court's denial of Defendant's second Rule 36.1 motion. *Id*. at *2.

- 2 -

On September 20, 2017, Defendant filed, through counsel, another motion to correct an illegal sentence, alleging that his Tennessee Department of Correction ("TDOC") split confinement sentence is illegal, that the illegal aspect of the sentence was a material component of Defendant's plea agreement, and the illegal aspect was not to Defendant's benefit. Following a hearing, the trial court denied Defendant's motion, finding that "the discrepancies noted in the [j]udgment form do not arise to the level of an illegal sentence as that term is defined in Tennessee Rule of Criminal Procedure 36.1(a)(2) but constitute a clerical error." The trial court further found that "even if the discrepancies resulted in an illegal sentence[,] the matters complained of were not a material component of the plea agreement that [a]ffected the voluntariness of the plea as required in Rule 36.1(c)(3)." Defendant filed a timely notice of appeal.

*Analysis*

Defendant asserts on appeal that he should be allowed to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant argues that his sentence is illegal because a TDOC split confinement sentence is illegal and the plea agreement and judgment form referred to a TDOC sentence. The State asserts that this appeal should be dismissed pursuant to the holding in *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015), because Defendant's sentence has expired.

Defendant filed the motion that is the subject of this appeal on September 20, 2017. On May 18, 2018, the State filed a motion to affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Rules of the Court of Criminal Appeals. This court denied the State's Rule 20 motion and ordered the parties to file briefs. On June 15, 2018, the State filed a motion to dismiss the appeal. According to an affidavit submitted by the State, Defendant's sentence expired on May 22, 2018. Defendant filed a response in opposition to the State's motion, in which Defendant noted that his sentence expired while this appeal was pending. In his response, Defendant argued that the relief available under Rule 36.1 "is of little value if the prevailing party can stretch out an appeal until a sentence expired."

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." *State v. Brown*, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). The motion is not subject to a

- 3 -

statute of limitations, but Rule 36.1 "does not authorize the correction of expired illegal sentences." *Brown*, 479 S.W.3d at 211.

Rule 36.1 provides that the motion "must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a)(1). In this case, although Defendant's sentence has since expired, his motion was filed before his sentence expired. Accordingly, the State's reliance on *Brown* is misplaced. In any event, Defendant has failed to state a colorable claim for relief.

"[F]ew sentencing errors render [a sentence] illegal." *Wooden*, 478 S.W.3d at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id*. Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *Id*. at 595 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011)). Appealable errors are "'those errors for which the Sentencing Act specifically provides a right of direct appeal'" and are generally attacks on the methodology used by the trial court when imposing a sentence. *Id*. Fatal errors are those errors "so profound as to render the sentence illegal and void" and include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id*.

Relying on the holding in *Shorts v. Bartholomew*, 278 S.W.3d 368, 271-72 (Tenn. 2009), Defendant contends that his TDOC split confinement sentence is illegal. The original judgment form for count one reflects a sentence of six years as a Range III persistent offender to be served on probation after 180 days in incarceration. The judgment form designates the place of confinement as the TDOC. Additionally, the judgment form states a period of probation of two years and six months. The trial court entered a corrected judgment on June 12, 2017; however the corrected judgment also indicates that 180 days of Defendant's six-year sentence was to be served in the TDOC with the correction that five years and six months was to be served on probation.

Tennessee Code Annotated section 40-35-306 provides,

> A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement for up to one (1) year in the local jail or workhouse, with probation for a period of time up to and including the statutory maximum time for the class of the conviction offense.

T.C.A. § 40-35-306(a). Additionally, Code section 40-35-314 states that when the sentence involves "split confinement not to exceed one (1) year, the court shall designate the place of confinement as a local jail or workhouse." *Id*. § 40-35-314(a). These statutes establish that the place of confinement for the incarcerative portion of a split confinement sentence must be the local jail or workhouse. *Bartholomew*, 278 S.W.3d 268, 275 (Tenn. 2009) (stating that when a defendant received a sentence of split confinement, the appropriate place of confinement was the local jail or workhouse, "erroneously marked TDOC box notwithstanding"). Thus, the trial court's checking the "TDOC" box on the uniform judgment document was erroneous. *Id*.

We agree with the trial court's finding that the TDOC designation on the judgment form constituted a clerical error. The plea agreement reflects that Defendant was sentenced to "[six] (6) years . . . to serve (180) days in the Warren County Jail; with the balance of the sentence to be served on supervised probation." The original judgment, which stated the balance of Defendant's six-year sentence to be served on probation after 180 days, contained the clerical error that the balance to be served on probation was two years and six months. The trial court corrected the error, and the corrected judgment states the balance as five years and six months. The plea agreement properly ordered the confinement part of the sentence to be served in the county jail. Mentioning "TDOC" was actually surplusage pursuant to Tennessee Code Annotated section 40-35-314(a). The trial court should have checked the box for "County Jail" on the judgment where the place a defendant is "Sentenced To:" has three choices, (1) TDOC; (2) County Jail; or (3) Workhouse. The trial court checked the wrong choice, which was inconsistent with the specific location of where Defendant was "Sentenced To:" set forth in the plea agreement.

The error mentioned was a clerical error for which Defendant is not entitled to relief in this appeal.

CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE